## Wolbach v. DiSalvatore

*Samuel Litzenberger*, for plaintiff.
*John DiGiacomo*, for defendants.

FRANCIOSA, *J.*, February 7, 1979—In this assumpsit action, plaintiff seeks an award of interest

from the prothonotary[1] as custodian of money paid into court. Defendants have filed preliminary objections in the nature of demurrers.

Paragraph 4 of the complaint avers that on May 13, 1976, pursuant to an order of court, the prothonotary received the sum of $6,348.44 in his official capacity. Paragraph 6 explains that the moneys paid to the prothonotary were to be held pending resolution of cross-actions involving plaintiff, Howard C. Wolbach, and a person named Margaret Best. Paragraph 7 refers to an order of court issued by the Honorable Clinton Budd Palmer, President Judge of the Court of Common Pleas of Northampton County; in addition, the order dated June 19, 1978, is incorporated; in part it reads: ". . . the Prothonotary of Northampton County is hereby authorized and directed to pay, from the sums he is holding, . . . sufficient monies to satisfy the verdict entered in favor of Howard C. Wolbach in the above actions, and thereafter to repay any balances then remaining over to the respective parties, *together with interest earned thereon*." (Emphasis supplied.)

Finally, paragraph 10 of the complaint alleges that the prothonotary refused and neglected to deposit the moneys in interest-bearing accounts whereby plaintiff lost moneys to which he otherwise would have been entitled.

There is a specific statute authorizing prothonotaries to deposit moneys held by them in connection "with any legal proceeding" in interest-bearing accounts. See The Common Pleas

---

1. At the time the money was paid into court, defendant DiSalvatore was the prothonotary; defendant Siegfried is his successor in office.

Prothonotaries Fee Act of November 21, 1973, P.L. 337, sec. 1, 17 P.S. §1595.[2] "All accrued interest on such accounts shall be paid to the county treasurer . . . unless the court shall direct otherwise." 17 P.S. §1595.1.

Significantly, the above statute uses the word "may." This indicates a legislative intent to permit a prothonotary to act on his own initiative, but not to make investment mandatory. Furthermore, unless the court directs otherwise, the accrued interest on such accounts must be paid to the county treasurer. Thus, without directions from the court, any income derived by the prothonotary, acting on his own initiative, would inure to the benefit of the county and not the lawful owner of the fund. See Courshon v. Milesburg Inn, 2 D. & C. 3d 726, 728 (1977).

In the case at bar, the money was deposited with the prothonotary under an order of court[3] which contained the following directions: ". . . Furthermore, the said Prothonotary of Northampton County is hereby directed to receive the aforesaid sum to be held in his Trustee Account pending a final determination of the within matter."

Since the directions from the court expressly ordered the prothonotary to hold the fund in his trustee account, he had no authority to act on his own initiative. We conclude, therefore, that plaintiff's reliance on The Common Pleas Prothonotaries Fee Act is completely misplaced.

---

2. This section has been repealed by the Judicial Code; see 42 Pa.C.S.A. §3561; however, the instant fund was received prior to the repealer; accordingly, we conclude that 19 P.S. §1595 is the controlling statute.

3. The said order was dated May 14, 1976, and entered by the Honorable Richard D. Grifo, Associate Judge of this court.

With the history of the fund so traced, we are required to find that no interest was earned thereon while it came under the jurisdiction of this court. Hence, the prothonotary fully complied with the subsequent order of court issued by President Judge Palmer, when he tendered the funds available for distribution from his trustee account.

Wherefore, we enter the following

## ORDER

And now February 7, 1979, on the basis of the foregoing discussion of the pleadings and record entries incorporated therein, we sustain defendant's preliminary objections in the nature of demurrers to plaintiff's complaint.

Moreover, it appears to us that plaintiff has no cause of action available to him and against the defendants in their official capacities; therefore, his complaint is dismissed with prejudice; and, we direct the prothonotary to enter a judgment in favor of defendants.